UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

AJ JENKINS, and other similarly situated )
individuals, )
 )
        Plaintiff(s), )
 )
v. )
 )
POOL SCREENING & PORCHES LLC and )
MANOUCHKA JEAN, )
 )
        Defendants. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs AJ JENKINS ("Plaintiff") and other similarly situated individuals sue the Defendants POOL SCREENING & PORCHES LLC and MANOUCHKA JEAN (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants POOL SCREENING & PORCHES LLC (the "Corporate Defendant") and MANOUCHKA JEAN (the "Individual Defendant"), are a company and a resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff

worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

4. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade, County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. At all times material, Plaintiff was employed by Defendant as a driver from September 16, 2021, until his wrongful termination on November 13, 2021.

6. Plaintiff performed his work admirably, was revered by his colleagues with whom he worked, and performed his duties in a satisfactory manner.

7. At all times material, Plaintiff worked for Defendants as a driver and worked on average, approximately 60 hours per week.

8. While employed by Defendants, Plaintiff was paid $100 per day, worked 5 days per week, and was therefore paid $500 per week. Such wages amount to less than the lawful minimum wage rate. Furthermore, Plaintiff was not paid one- and one-half times the regular rate at which he was employed.

9. Plaintiff is a covered employee for purposes of the Act.

10. All conditions precedent to bringing this action have occurred, been performed, or excused.

11. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fees.

### COUNT I: UNPAID OVERTIME AND MINIMUM WAGES AGAINST THE CORPORATE DEFENDANT

12. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

13. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.

14. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  In 2021, the federal minimum wage rate was $7.25/hr.

16. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State, or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

17. In Florida, the minimum wage rate in 2021 was $10.00 per hour.

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

19. The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. At all times relevant, the Corporate Defendant is and was a pool enclosure installation and repair company, and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a driver for the Corporate Defendant's business.

21. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 60 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Additionally, Plaintiff was not paid at the lawful minimum wage rate for all hours worked. Plaintiff was employed by Defendants as a driver performing the same or similar duties as that of those other similarly situated drivers whom Plaintiff observed working in excess of 40 hours per week without receiving the proper overtime and minimum wage compensation.

22. Plaintiff worked for the Corporate Defendant from approximately September 16, 2021, through November 13, 2021. In total, Plaintiff worked approximately 8 compensable weeks under the Act, or 8 compensable weeks if we count 3 years back from the filing of the instant action.

23. Corporate Defendant paid Plaintiff on average approximately $100 per day and Plaintiff worked five (5) days per week.

24. However, Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

25. In addition, Corporate Defendant did not properly compensate Plaintiff all of his minimum wages for hours that he worked for Corporate Defendant.

26. Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

27. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime and minimum wages is as follows:

a. **Actual Damages: $1,601.60**

      i. <u>Calculation – Unpaid Minimum Wages</u>: $10.00 (minimum wage rate) - $8.33 (Plaintiff's hourly pay rate) = $1.67 (unpaid hourly minimum wages) x 60 (weekly hours) x 8 (approximate compensable weeks) = **$801.60**

      ii. <u>Calculation – Unpaid Overtime Wages</u>: $10.00 (minimum wage hourly pay rate) x .5 (overtime rate) x 20 (approximate number of weekly overtime hours) x 8 (compensable weeks) = **$800.00**

b. **Liquidated Damages: $1,601.60**

c. **Total Damages: $3,203.20, plus reasonable attorneys' fees and costs of suit.**

28. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek and the required minimum wage as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid minimum wages nor were they paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

29. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime and minimum wages and remains owing Plaintiff and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and overtime wages; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT II: UNPAID OVERTIME AND MINIMUM WAGES
AGAINST THE INDIVIDUAL DEFENDANT**

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

33. At the times mentioned, the Individual Defendant was, and is now, the owner, manager, and/or sole authorized member of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including

Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

34. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

35. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wages; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: February 21, 2022.                    Respectfully submitted,

By: */s/Aron Smukler*

                                              Aron Smukler, Esq. (FBN: 0297779)
E-Mail: asmukler@saenzanderson.com
R. Martin Saenz, Esq. (FBN: 0640166)
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, FL 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*